UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEANDRA ELLINGTON,

      Plaintiff,

v.                                     Case No:  6:12-cv-1439-Orl-31TBS

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____

## REPORT AND RECOMMENDATION

      Plaintiff Deandra Ellington ("Plaintiff") on behalf of her son J.V.B. ("Claimant") appeals to this Court from a final decision of the Commissioner of Social Security ("Commissioner") denying her son's application for benefits.  Plaintiff contends that the administrative law judge ("ALJ") erred by: (1) failing to enter J.V.B.'s report card in the administrative record; (2) failing to enter Dr. Desiraju's consultative report in the record; and (3) failing to state what weight, if any, the ALJ afforded Plaintiff's testimony.  For the reasons that follow, I respectfully recommend the Court **AFFIRM** the Commissioner's final decision.

      I.     **Background**

      Claimant was born in 2002.  He was eight years old and in second grade at the time of his administrative hearing.  (Tr. 7-25, 125).  Pursuant to 29 C.F.R. § 416.924(c), the ALJ found that Claimant suffered from the severe impairments of language delay and asthma.  (Tr. 13).  However, the ALJ found that Claimant's impairments did not meet or medically equal any of the listed impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (the "Listings"). (Id.).  In analyzing the six functional domains used to

measure functional equivalency of the Listings in children, the ALJ determined that Claimant had less than marked or no limitations in any domain.  (Tr. 16-21).  Thus, the ALJ concluded that Claimant's condition did not functionally equal a Listing, and he was not disabled.  (Tr. 22).  The Appeals Council denied review of the ALJ's decision, and Plaintiff timely filed this action.  (Tr. 1-4).

## II.   Standard  of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004).  The ALJ's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is "more than a scintilla but less than a preponderance.  It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion."  Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision.  Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]"  Id.  "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision."  Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

There is a presumption in favor of the ALJ's findings of fact but no such presumption attaches to the ALJ's conclusions of law.  Welch v. Bowen, 854 F.2d 436, 438 (11th Cir. 1988) (per curiam).  The Court will reverse a final decision if the ALJ incorrectly applied the law or failed to provide sufficient reasoning for the Court to determine whether the ALJ properly applied the law.  Keeton v. Dep't of Health & Human Serv's, 21 F.3d 1064, 1066 (11th Cir. 1992).  When it reviews the Commissioner's final decision, the Court is authorized to "enter . . . a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a hearing."  42 U.S.C. § 405(g).

An individual under the age of eighteen is considered disabled if he has a medically determinable physical or mental impairment that results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months.  42 U.S.C. § 1382c(a)(3)(c)(i).  Similar to the analysis required for an adult, the regulations provide that when an ALJ makes a determination of eligibility for benefits, the ALJ will consider whether: (1) the child is working; (2) the child has a medically determinable impairment that is severe; and (3) that impairment meets, medically equals, or functionally equals a Listing.  20 C.F.R. § 416.924(a).

To determine whether a child's impairments functionally equal a Listing, the ALJ considers the following six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving and manipulating objects; (5) caring for himself; and (6) health and physical well-being.  20 C.F.R. § 416.926a(b)(1).  If a child has marked limitations in two or more domains or an

extreme limitation in one or more domain, the child's impairments are functionally equivalent to a listed impairment.  20 C.F.R. § 416.926a(d).

A "marked" limitation interferes seriously with the child's ability to independently initiate, sustain, or complete activities; it is "more than moderate" but "less than extreme." 20 C.F.R. § 416.926a(e)(2)(i).  An extreme limitation interferes very seriously with the ability to independently initiate, sustain, or complete activities, but does not necessarily mean a total lack or loss of ability to function.  20 C.F.R. § 416.926a(e)(3)(i).

III.   Discussion

A. *Claimant's Report Card*

Plaintiff argues that the ALJ failed to enter Claimant's report card into the record and preserve it for meaningful review.  (Doc. 24 at 6).  At the administrative hearing, Plaintiff presented Claimant's report card to the ALJ, who noted that Claimant was not doing well in reading or math, but seemed to be doing well in science and social studies. (Tr. 45-46).  The ALJ also noted that the report card indicated Claimant received "extended learning opportunities," which Plaintiff explained were special education classes.  (Tr. 46).  Plaintiff's administrative counsel asked the ALJ if she would like him to "barcode fax" the report in to her, and the ALJ agreed.  (Tr. 47).  But, the ALJ did not mention Claimant's report card in her decision, and the report card does not appear in the record until it was filed in this Court.

"It is well established that the ALJ has a basic duty to develop a full and fair record."  Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003).  Still, the claimant has the burden of proving disability and must produce evidence to support their claim of disability.  Id.  A claimant who asserts that the ALJ violated her duty to develop a full and fair record must show prejudice before the Court will find that the claimant's right to due

process has been violated to such a degree that the case must be remanded to the

Commissioner for further development of the record.  <u>Brown v. Shalala</u>, 44 F.3d 931, 935

(11th Cir. 1995).  In evaluating the necessity for remand, the Court considers "whether

the record reveals evidentiary gaps which result in unfairness or 'clear prejudice'."  <u>Id.</u>

(quoting <u>Smith v. Schweiker</u>, 677 F.2d 826, 830 (11th Cir. 1982)).

Plaintiff's administrative lawyer assumed the responsibility to send Claimant's

report card to the ALJ.  There is no record evidence to show whether the lawyer fulfilled

this responsibility.  The lawyer filed an affidavit in this case, but it does not mention the

report card.  (Doc. 24-3).  What is known is that the report card contradicts the ALJ's

findings concerning Claimant's ability to acquire and use information.  The ALJ found:

> At the hearing, the claimant testified that plays video games
> (sic).  The mother reported that the claimant could repeat
> stories he had heard, was able to explain why he did
> something, could read capital and small letter of the alphabet,
> could print some letters, knew the days of the week and
> months of the year, and understood money and could make
> correct change. . . . The claimant worked on grade level.  He
> was diagnosed with mild receptive language delay.  The
> teacher reported no problems in this domain.  The claimant
> was a normal student.

(Tr. 17).

Contrary to the ALJ's findings, Claimant's report card indicates that he is below

level in both math and reading, and Plaintiff explained that Claimant was in special

education classes.  (Tr. 46).  Despite this evidence, however, Plaintiff has not shown

reversible error.  Before a child is found disabled, he must have a marked impairment in

two or more domains or an extreme impairment in one or more domains.  20 C.F.R. §

416.926a(d).  Plaintiff does not contend that Claimant has an extreme impairment.[1]

---

[1] The regulations provide that an ALJ will find an extreme impairment of a child of

Therefore, the only issue is whether the report card is evidence that Claimant suffers from a marked limitation in two or more of the domains.  The ALJ did not find a marked limitation in any of the six domains when determining Claimant's functional equivalency to a Listing and Claimant's report card is not probative evidence for any domain other than "acquiring and using information."  Thus, even if the Court assumes that Plaintiff's lawyer sent the report card to the ALJ and that the report card was evidence to support a finding that Claimant had a marked limitation in the domain of acquiring and using information, it would not have changed the outcome of the case.  Accordingly, the ALJ's alleged failure to include the report card in the record and preserve it for review was at most, harmless error.  See Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983) (determining that the ALJ made erroneous statements of fact, but holding that the error was harmless in the context of the case).

### B.  Dr. Desiraju's Consultative Report

Plaintiff alleges that the ALJ erred by failing to enter Dr. Desiraju's consultative report into the record and preserve it for review.  In her decision, the ALJ considered the report of Dr. Madhushree Desiraju, a consultative examiner who saw Claimant when he was six years old.[2]  The ALJ referred to the report as exhibit 2F, but the record shows

---

any age who has a valid test score that is three standard deviations or more below the mean on a comprehensive standardized test designed to measure ability or functioning in that domain and the child's day-to-day functioning is consistent with that score.  20 C.F.R. § 416.926a(e)(3)(iii).    Plaintiff has not provided any standardized test scores for Claimant and his report card does not indicate that he is unable to initiate, sustain, or complete activities at a functional level, as Claimant received all "satisfactory" grades for social development, including that he can practice self-control, work independently, and complete homework and classwork.  (Doc. 42-1).  The record also does not include a diagnosis, testing, or medical records to determine a cause for Claimant's performance in school.

[2] Dr. Mirtha E. Cuevas' name appears at the top of each page of the report but upon review, the author is Dr. Madhushree Desiraju.

exhibit 2F as a one page report of contact for Dr. Mirtha E. Cuevas dated December 11, 2008.  (Tr. 25).  Only when Plaintiff's current counsel raised concern about the discrepancy in April of 2013 did the Commissioner officially enter Dr. Desiraju's consultative report into the record.  (Doc. 20).  Plaintiff's administrative lawyer did not have the opportunity to review Dr. Desiraju's report prior to the hearing.  (Doc. 24-3).  Now, Plaintiff argues that she and her administrative lawyer should have had an opportunity to examine this consultative report as a matter of right and because it mentions headaches and migraines, which were not discussed at the hearing nor evaluated under the domain of health and physical well-being.

The ALJ thoroughly examined Dr. Desiraju's report and gave a comprehensive recitation of Dr. Desiraju's findings, noting that Plaintiff told Dr. Desiraju that Claimant suffered from migraines, and that Dr. Desiraju diagnosed Claimant with headaches and migraines.  (Tr. 14-16).  There is no evidence anywhere else in the record that Claimant suffers from headaches or migraines.  And, although Plaintiff told Dr. Desiraju that Claimant suffered from migraine headaches which typically keep him awake all day, Plaintiff failed to mention Claimant's headaches or migraines in the administrative proceeding.  (Tr. 222).

While Plaintiff has a right to examine the evidence the ALJ used in making her determination, 20 C.F.R. § 416.1429, Plaintiff has the burden to prove Claimant's disability and provide evidence to support his claim.  Ellison, 355 F.3d at 1276.  Plaintiff attempts to show prejudice by suggesting that if she'd had the consultative report she would have brought up Claimant's headaches and migraines at the hearing.  However, Plaintiff was fully aware of Claimant's migraines and headaches; nothing prevented her from testifying about Claimant's alleged condition.  The Court will not speculate about

- 7 -

why, if this was an important point, Plaintiff failed to offer any evidence concerning Claimant's headaches. Accordingly, Plaintiff did not meet her burden.  In addition, Plaintiff does not suffer prejudice when an ALJ thoroughly considers and discusses a report which weighs in Plaintiff's favor.  In light of this, I find that Plaintiff has not shown prejudice resulting from the ALJ's failure to enter Dr. Desiraju's report into the record.

### C. The ALJ's Credibility Finding

Finally, Plaintiff argues that the ALJ did not articulate a credibility finding for Plaintiff's testimony.  The Eleventh Circuit has adopted a two-pronged standard for examining subjective complaints.  First, the claimant must provide evidence of an underlying condition.  Next, he must submit either objective medical evidence confirming the severity of the alleged pain or show that the objectively determined medical condition can reasonably be expected to give rise to the claim.  Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002).   An ALJ need only make a credibility finding when proof of a disability is based upon subjective evidence and a credibility determination is a critical factor in the ALJ's decision.  Tienbiber v. Heckler, 720 F.2d 1251, 1255 (1983).  If the ALJ discredits a claimant's subjective testimony, he must articulate explicit and adequate reasons for doing so, or the implication must be so clear as to amount to a specific credibility finding.  Id.

Plaintiff contends that the ALJ made finding that are inconsistent with Plaintiff's testimony, and therefore the ALJ erred by not explaining why she discounted Plaintiff's testimony.  Plaintiff testified that Claimant was failing in school, but the ALJ found he was a "normal student" who "worked on grade level."  (Tr. 17, 38).  Plaintiff testified that there is "a piece missing out of" one of Claimant's hands which prevents him from holding a pencil correctly, and the muscles in Claimant's hands hurt him (Tr. 37), but under the

domain of moving and manipulating objects, the ALJ found that "there were no physical limitations reported." (Tr. 20).  However, the ALJ did note complaints of problems with Claimant's hands under the domain of health and physical well-being.  (Tr. 21).

In fact, the ALJ referred to Plaintiff and Claimant's testimony throughout her decision.  (Tr. 15, 17-19).  And, the ALJ gave at least seven reasons why Plaintiff's testimony was not credible: (1) the Claimant described daily activities not limited to the extent one would expect given the alleged disabling symptoms; (2) Claimant's treatment has been essentially routine and/or conservative in nature; (3) Claimant's treatment has been generally successful in controlling his symptoms; (4) Plaintiff reported that Claimant's asthma is controlled with medication; (5) the record reflects significant gaps in Claimant's treatment history (three medical reports in the record from Claimant's alleged onset date in 2002 until Claimant's hearing in 2010); (6) Claimant has not alleged any side-effects from his medications; and (7) it does not appear that Claimant's treating doctor has recommended any restrictions for him.  (Tr. 15-16).

The ALJ listed the reasons for finding less than marked limitations in each of the six domains, based on Plaintiff's, Claimant's, and Claimant's teachers' reports.  Under health and physical well-being, the ALJ acknowledged Claimant's complaints of language delay, asthma, trouble with his hand, and stuttering, and stated that she had "reviewed the record and the testimony of the [C]laimant and his mother regarding these symptoms, but did not find strong support for a marked limitation in the [C]laimant's health and physical well-being."   This statement explicitly discredits Plaintiff's testimony.

Plaintiff argues that the ALJ should have considered Plaintiff's testimony as to Claimant's hands when considering the domain of moving about and manipulating objects.  Here, the ALJ acknowledged Plaintiff's testimony but noted that "[Plaintiff]

reported that the [C]laimant was able to use zipper, to button clothes, to brush teeth, and to eat using a knife/fork/spoon by self. She also reported that the [C]laimant was able to work on arts and crafts projects such as draw and paint (Exhibit 1E/8-9). There were no physical limitations reported." (Tr. 20). These are valid reasons to discredit Plaintiff's testimony and any error as to the statement that "there were no physical limitations reported" is harmless, because the ALJ noted and discussed Claimant's problems with his hands elsewhere in her decision.

Given that the ALJ considered Plaintiff's testimony, found Claimant not disabled for multiple stated reasons, and explicitly discredited portions of Plaintiff's testimony, I find the implication that the ALJ discredited Plaintiff's testimony is so clear as to amount to a specific credibility finding. See Taylor v. Comm'r of Soc. Sec. Admin., 213 F. App'x 778, 779-780 (11th Cir. 2006) (finding that the ALJ made a sufficiently implied credibility determination when the ALJ stated that after review of the record and the testimony they would provide significant weight to a physician's opinion).[3]

Plaintiff attached to her memorandum decisions in two cases where courts found that the ALJ did not properly consider a plaintiff's testimony. The first is a transcript of an oral ruling that does not provide any facts to give context to the decision or permit the Court to compare that case with this case. (Doc. 24-6). In the second, Stevens v. Astrue, No. 6:11-cv-1674-Orl-22KRS (Docs. 24-4, 24-5), the Court found that the ALJ had not properly discredited the plaintiff's testimony because the ALJ made findings of fact that

---

[3] An argument can be made that Plaintiff's testimony was not a critical factor in the ALJ's determination because the ALJ also considered medical records, opinions of the Claimant's teachers, and Claimant's testimony. See id. at 780 ("In contrast, here, Taylor's testimony was not the only evidence from the period of disability. The ALJ considered other evidence, including McCaster's medical and school records and testimony from McCaster himself.").

directly contradicted the plaintiff's testimony and the ALJ provided no reasons for coming

to her conclusions.  In this case, the ALJ recited Plaintiff's testimony and then gave

reasons for finding Claimant not disabled based on the testimony and the medical record.

Consequently, I find that these cases are not persuasive.

### IV. Recommendation

Upon consideration of the foregoing, I respectfully recommend that:

1.  the Commissioner's final decision in this case be **AFFIRMED**;  and

2.  the Clerk be directed to enter judgment accordingly and **CLOSE** the file.

Specific written objections must be filed in accordance with 28 U.S.C. § 636, and

M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and

recommendation.  Failure to file timely objections shall bar the party from a de novo

determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on November 20, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record